The Honorable Larry Mitchell State Representative P.O. Box 81 Bryant, AR 72022-0081
Dear Representative Mitchell:
This is in response to your request for an opinion based on the following hypothetical:
 1) "Company" receives checks from merchants' banks that have been returned for insufficient funds;
 2) "Company" then compiles a list of these worthless checks and publishes it on a weekly basis to the area merchants.
 3) "Company" then executes all required legal forms and delivers the forms, along with the worthless checks, to the local Prosecutor for collection;
 4) "Company" receives a small service fee from each merchant who receives payment due to the Prosecutor's enforcement on the debts; and
 5) "Company" never, at any time, contacts the respective debtors.
Based on this aforementioned factual scenario, you pose the following questions:
 1) Does the company described above fall within the definition of a collection agency pursuant to A.C.A. § 17-21-101 (Repl. 1992);
 2) Does the compilation and distribution of a monthly list by a licensed collection agency, which includes all persons" charged" with a violation of the Arkansas Hot Check Law, violate A.C.A. § 17-21-307(5) (Repl. 1992), and, in the alternative, could an unlicensed agency compile and distribute the same list; and
 3) Is the State Board of Collection Agencies' Regulation No. 80-6 constitutional?
In response to your first question, it is my opinion that this "hypothetical" company does come under the definition of a collection agency as defined by Arkansas law. The relevant law is set out in A.C.A. § 17-21-101 (Repl. 1992), which reads as follows:
 . . . "collection agency" means any person who works with or employs one (1) of more other persons, or any partnership, corporation, or association which engages in the collection of delinquent accounts, bills, or other forms of indebtedness, or any person, partnership, corporation, or association using a fictitious name or any name other than their own in the collection of their own accounts receivable, or any person, partnership, corporation, or association which solicits claims for collection. [Emphasis added.]
Applying this definition to this hypothetical company, it appears that these checks are being "collected," albeit in an unconventional fashion, and, in return, this company receives a service fee on funds ultimately recovered by the merchants.
Additionally, your hypothetical indicates that this company solicits area merchants to utilize this process. Thus, it would seem that the practice is covered by the statute above and by A.C.A. § 17-21-301 (Repl. 1992), which requires licensure as follows:
It shall be unlawful for any person, partnership, association or corporation to conduct within this state a collection agency or engage within this state in the business of collecting claimsfor others, or of soliciting the right to collect or receivepayment for any other person of any claim, or advertise, eitherin print, by letter, in person, or otherwise, the right tocollect or receive payment for another of any claim, or seek tomake collection or obtain payment of any claim on behalf ofanother person without having first applied for and obtained alicense from the State Board of Collection Agencies. [Emphasis added.]
In response to your second question, it is my opinion that publication of a monthly list of "Hot Check Law" violators to be distributed to area merchants is prohibited by A.C.A. § 17-21-307(5) (Repl. 1992). This statute gives the State Board of Collection Agencies the authority to revoke, suspend, or refuse to issue a license to an entity which is found to be:
 Publishing or posting, or causing to be published or posted, any list of debtors, commonly known as "deadbeat" lists . . .
It is therefore my opinion that a licensed collection agency could lose its license for engaging in this practice. Since the collection activities described in your first question would require licensure to be lawfully pursued, the "company" you reference would be required to hold a license and therefore could not lawfully publish such a list.
It is my further opinion that the publication of such a list to area merchants by an unlicensed entity, although it may not be prohibited by A.C.A. § 17-21-307(5), would be subject to regulation under federal law. Section 17-21-307(5) of the Arkansas Code is patterned after the federal statutes found in15 U.S.C.A. § 1692(a)(1)-(6) (West. Supp. 1982), more commonly known as the "Fair Debt Collection Practice Act." In this statutory scheme, Congress determined that unreasonable publicity over a private debt violated an individual's right to privacy. See,15 U.S.C.A. § 1692(a)(6)(B) (West. Supp. 1982). A business or company which regularly reports information that is not based on personal knowledge has made a consumer report within the meaning of the Fair Credit Reporting Act, 15 U.S.C.A. § 1581-1681. Even if the list you describe is prepared by an entity which is not subject to regulation by the State Board of Collection Agencies,[1] its conduct is still subject to regulation by federal law.
In response to your third question, it is my opinion that State Board of Collection Agencies' Regulation No. 80-6 is constitutional. The regulation states as follows:
 No licensee shall pay to any party or organization any portion of its collections or solicit accounts by offering to share, pay to, or `kick back' any funds, except to its own bona fide clients and employees, such as solicitors and collectors working on commission, or other employees involved in a profit sharing plan.
You inquire as to whether the regulation above is constitutionally suspect because it permits existing licensees to share funds with its clients, while new licensees, because they have no clients, cannot similarly share funds. It is my opinion that this regulation is designed to prohibit "kick backs" to third parties as a method of obtaining business. The reference to "clients" simply makes it clear that collections paid over to a client will never constitute a kick back and as such does not raise a colorable constitutional question. Construed in this manner, the regulation does not discriminate against new licensees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Of course if the "unlicensed agency" is one which in fact is required to posses a license from the State, its conduct is subject to A.C.A. § 17-21-307(5).